WILLIAM ADRIANCE, Respondent, v. ANDERSON ARNOT, GARNISHEE OF WILLIAM CAMP, Appellant.

1. Courts, in the trial of causes, must be allowed to exercise a fair discretion as to how far they will permit the examination of witnesses upon points collateral to the main issues.

*Appeal from Law Commissioner's Court of St. Louis.*

This was a trial of an issue between the plaintiff and the garnishee in an attachment suit, commenced before a justice of the peace, and appealed to the law commissioner. Upon the trial in that court, the witness John P. Camp, called by the plaintiff to prove the indebtedness of the garnishee to the defendant in the attachment, was inquired of as to his own transactions and indebtedness to the garnishee, on the hypothesis that while pretending to act as agent of the defendant in the attachment, he was in reality acting for himself, and concealing his means from the garnishee who had a judgment against the witness. The issue was upon the denial of indebtedness by the garnishee to the defendant, William Camp.

*W. H. Lackland*, for appellant.

*A. M. & S. H. Gardner*, for respondent.

BATES, Judge, delivered the opinion of the court.

This cause was heretofore submitted to the court, and an opinion prepared but not delivered; and the parties now consent that the opinion of the late judges may be filed and judgment entered in accordance with it. Therefore, the judgment of the court below is affirmed, all the judges concurring.

NAPTON, Judge. We do not see any reason for refusing to allow the questions put to the witness, John P. Camp, to be answered. When a question of fraud is before a jury, and the witness is competent, the apparent irrelevancy of testimony is an unsafe ground for its exclusion. This is especially true when the investigation is a cross-examination of the plaintiff's witness. The amount of John P. Camp's indebtedness to Arnot, the garnishee, its nature, and the time when it accrued, were not facts directly in issue, but they might have thrown some light upon the real character of the transaction.

Notwithstanding this, we do not consider the ruling of the courts as one justifying a reversal of the judgment. The instructions were plain, and put clearly to the jury the only question at issue between the parties. There must be a certain discretion left to the court in trying causes, to determine how far they will permit examinations of witnesses to proceed upon collateral matters not directly connected with the issues. We do not see that justice would be promoted by the interference of this court in a mere matter of discretion, because of a difference of opinion with the court below as to the point at which an examination should stop.

Judgment affirmed.