ERNEST A. ARNOLD v. THE ALTON RAILROAD COMPANY, Appellant.—
154 S. W. (2d) 58.

Division Two, June 10, 1941.

Rehearing Denied, July 25, 1941.

Motion to Transfer to Banc Overruled, September 25, 1941.

*Charles M. Miller* for appellant.

*John C. Nipp, E. E. Thompson, Mont T. Prewitt, Sam Mandell* and *Cowgill & Popham* for respondent.

■ TIPTON, P. J.—In the Circuit Court of Jackson County, Missouri, the respondent recovered a judgment against the appellant in the sum of $15,000 for injury to his left eye. The respondent's action is founded upon an alleged violation of the Federal Boiler Inspection Act, as amended, 45 U. S. C. A., Sections 22-24. From this judgment the appellant has duly appealed.

Respondent was a fireman on one of appellant's local freight trains running west out of Slater, Missouri. On February 28, 1934, he was injured while engaged in making a "drop switch" of an interstate freight car at Marshall, Missouri, by the glass in the clear vision window on his side of the locomotive cab shattering and particles thereof striking him in the eye and face. This is the second appeal in this case. Our opinion in the first appeal is reported in 343 Mo. 1049, 124 S. W. (2d) 1092, where a detailed statement of the facts may be found.

■ The appellant's first assignment of error is, that its demurrer to the evidence should have been sustained because respondent's evidence is contrary to the physical facts and is unbelievable. This identical question was ruled contrary to appellant's contenton on the first appeal of this case. As we have already decided this is a submissible case, we are bound by that decision on this appeal unless we made a mistake of fact or law. [Kick v. Franklin, 345 Mo. 752, 137 S. W. (2d) 512.]

The appellant contends that the facts in the second trial were different from the facts in the first trial. Appellant made tests with the engine in question, and enginemen of other railroads testified that in their opinion the movement of engines as described by plaintiff could not cause the glass to shatter with enough force so that a particle of glass could get in respondent's eye. This additional evidence merely goes to controvert the respondent's evidence, which was practically the same as in the first trial. Moreover, this additional evidence was only accumulation of evidence offered by appellant in the first trial. To sustain its contentions, the appellant relies upon the case of Monroe v. C. & A. Railroad Co., 297 Mo. 633, 249 S. W. 644. In that case the plaintiff's testimony was absolutely contrary on the second trial to what it was on the first trial, and we held that since plaintiff's testimony on one or the other occasion was obviously false, it had no probative value. That case is not in point because

the respondent's testimony in both trials in case under review was practically the same. The jury in the case at bar evidently did not believe appellant's additional evidence; in fact, it did not believe appellant's evidence that controverted respondent's evidence. This it had a right to do.

The appellant's next assignment of error as stated in its brief is, "The trial court erred in denying defendant the right to cross-examine plaintiff for the purpose of affecting his credibility, reliableness, trustworthiness, and good faith, as to alleged injuries asserted in his petition on the first trial, that may have been the result of injuries in other alleged accidents, which allegations of injuries were, on the second and third trials, by him stricken from his petition in an endeavor to avoid cross-examination as to such injuries, which involved his good faith and credibility."

The original petition not only contained an allegation of injury to respondent's left eye, but also to his entire nervous system. The first trial was based upon the original petition. At the beginning of the second trial and also in the third trial, the petition was amended so that the only allegation of injury was to respondent's left eye. During the direct examination, the respondent's testimony was confined to the injuries to his left eye; therefore, that is the only injury involved in this trial, the other injuries mentioned in the original petition being abandoned by the amendment.

The appellant contends that it had the right to show, by the cross-examination of the respondent, any fact which tested his credibility as a witness, and to bring out that the respondent was not in good faith in making allegations in his original petition which were stricken from the petition on the second and third trials, and why he had done so, thereby affecting his credibility and good faith.

The respondent had been involved in several other accidents in which he had received personal injuries. On cross-examination, the trial court permitted appellant to show that he had these accidents, but denied it the right to go into detail concerning them.

For instance, the respondent admitted on cross-examination that on December 9, 1932, he had an automobile accident in which he turned over, but the court sustained the objection to the question that he received $151.40 from the Brotherhood organization, unless the appellant claimed some injury to the left eye in that accident. The appellant does not contend that respondent's eye was injured in that accident.

Again, the respondent admitted that on October 18, 1933, at Rush Hill, a fire door fell and struck him across the arm, but the court refused to let the appellant ask him if that accident affected his nervous system. The appellant frankly admitted that it could not show any injury to the eye in that accident.

Also, the respondent was asked if he did not have an accident on

October 29, 1931, when he claimed to have fallen off an engine tank. In ruling upon the objection, the court said: "I will sustain the objection. I will permit counsel to ask if, upon that date, he injured his left eye in any way, if there is such a claim."

The only issue in this case in reference to any injuries respondent sustained was to his left eye; injuries that he may have received in other accidents, not affecting his eye, were only collaterally involved in this case.

The law is well settled in this State that the admissibility of specific acts tending to impeach or disparage the testimony of a witness is largely within the discretion of the trial court. [Bertke v. Hoffman, 330 Mo. 584, 50 S. W. (2d) 107; Massman v. Muehlebach, 231 Mo. App. 72, 95 S. W. (2d) 808; State ex rel. State Highway Commission v. Hoffmann, 132 S. W. (2d) 27.] In the discretion of the trial court, a witness may, for the purpose of impeachment, be asked whether he has committed particular wrongful or immoral acts, subject to his right to refuse to answer incriminating questions, even though such facts or acts may be collateral to the principle controversy. However, the cross-examiner is bound by the witness' answer. [Muller v. St. Louis Hospital Assn., 5 Mo. App. 401, 73 Mo. 242; State ex rel. Horton v. Clark, 320 Mo. 1190, 9 S. W. (2d) 635; State v. Nasello, 325 Mo. 442, 30 S. W. (2d) 132.]

"There must be a certain discretion left to the court in trying causes, to determine how far they will permit examinations of witnesses to proceed upon collateral matters not directly connected with the issues. We do not see that justice would be promoted by the interference of this court in a mere matter of discretion, because of a difference of opinion with the court below as to the point at which an examination should stop." [Adriance v. Arnot, 31 Mo. 471, l. c. 472; Neal v. Caldwell, 326 Mo. 1146, 34 S. W. (2d) 104, l. c. 111.]

We do not believe that the trial court abused its discretion in this instance, as it permitted the appellant to show that the respondent had been in other accidents, but did not permit it to go into details concerning them.

Moreover, the trial court permitted the appellant to ask the respondent if, in the first trial of this case, he claimed his nervous system was injured as a result of ██ the accident in question. The respondent admitted that he did. The appellant was allowed to introduce in evidence the original petition, showing that respondent claimed injuries other than to his left eye. The appellant's cross-examination of respondent consisted of 139 printed pages in the abstract of the record, which in itself shows that the respondent was thoroughly cross-examined. The appellant was permitted to show that respondent claimed injuries in the first trial that he did not claim in this trial, both by cross-examination of respondent and by

the introduction of the original petition. This point is not well taken and it is, therefore, overruled.

The appellant contends that, ''During the cross-examination of plaintiff, counsel for plaintiff committed prejudicial error in making a voluntary statement before the jury that a court and jury of Saline County had found the issues false in another suit filed by plaintiff covering the alleged injury to plaintiff's eye, and the trial court erred in not discharging the jury for the prejudicial statement.''

In this trial, respondent admitted that the signatures on appellant's exhibits 6 and 7 were his. These exhibits were respondent's applications for employment with the Chicago and Alton Railroad in 1911. They showed that respondent was born December 13, 1886. At the first trial, respondent denied that they were his signatures.

Respondent made an application on August 15, 1929, for a certificate of insurance with the Brotherhood of Locomotive Firemen and Enginemen showing that he was born September 12, 1889, and was therefore under forty years of age at the time the application was made.

Counsel for appellant sought to show that the reason why respondent denied his signatures were on appellant's exhibits 6 and 7 was because there was then pending in Saline County suits on the insurance policies, which were being contested because respondent was over forty years old when these policies were issued. As these insurance cases were disposed of at the time of this trial, there was no reason for the respondent to deny that his signatures were on appellant's exhibits 6 and 7, and that was why he had changed his testimony.

It was during this part of the cross-examination of respondent that the following occurred.

''Q. Yes, sir. Now, before and at the time of the first trial of this case you knew that it was charged in the answer made by the Brotherhood in that suit that when this additional certificate was issued on September 1, 1929, that you were over forty years of age, was it not? A. No, sir.

''Q. You knew that?

''MR. POPHAM: Just a minute. We object to that because of the fact that the court and jury in that case found that the issues were false.''

Appellant then excepted to Mr. Popham's statement as being improper and requested that the jury be discharged. The court sustained the objection but refused to discharge the jury, instructing them to disregard the statement.

Appellant contends that the failure of the court to discharge the jury was prejudicial error. It relies upon the case of Warren v. Pulitzer Publishing Co., 336 Mo. 184, 78 S. W. (2d) 404, which was a libel case. The court admitted in evidence the results of a slander

case growing out of the same transaction. We held that admission of the results was prejudicial error. We do not think that case is in point, for the reason that the issue in the Brotherhood case was the age of the respondent, and his age in the case at bar could not affect the results one way or another. Under the circumstances, we believe the trial court did not abuse its discretion in refusing to discharge the jury.

Appellant next complains of the cross-examination of its witness, Edward E. Naber, the attorney who represented the defendant in the case of Ernest Arnold v. The Brotherhood of Locomotive Firemen and Enginemen on a policy of insurance issued to this respondent. That suit was filed in the Saline County Circuit Court. On direct examination, this witness testified that respondent's reputation for truth and veracity in Saline County was bad. On cross-examination it was brought out that this witness had sworn to an application for a change of venue on account of the undue influence that this respondent had over the inhabitants of Saline County, respondent's home county. We have already stated that the extent of the cross-examination of a witness on collateral matter that would tend to impeach the witness would be in the sound discretion of the trial court. If this respondent had an undue influence on the inhabitants of Saline County, it would have a tendency to impeach the fact that his reputation for truth and veracity was bad. This point is without merit.

The deposition of John Cox, head brakeman, was read in evidence by respondent. The court refused to allow that part of the cross-examination that expressed his opinion as to whether or not the movement of the engine at the time in question was sufficient to cause the glass in the window to break and, providing it did break, if the glass would fall outside of the engine cab.

The question of the qualification of a witness to testify as an expert is to be determined by the trial court. It is a matter resting largely in its discretion and will not be reviewed unless it appears that such discretion was abused. [Owens v. K. C., C. C. & St. J. Ry. Co., 225 S. W. 234; Robison v. Chicago Great Western Ry. Co., 66 S. W. (2d) 180.] This witness was a brakeman, and not a fireman or an engineer. The court permitted firemen and engineers to give their opinions on these questions; evidently, the court was convinced that enginemen were qualified to give their opinions on the matter but not brakemen. We find no abuse of discretion under these circumstances.

On behalf of the respondent, five jurors on the first trial testified that the vision window did not move with the ease that it did at the time of the first trial. Appellant assigned this as error. The appellant cited no authority that former jurors are not competent witnesses as to what happened in the former trial, but does frankly admit that former jurors may be competent witnesses at a subsequent

trial. However, appellant does seriously contend that the court erred in not permitting it to show how the jurors voted on the first trial. We think the trial court properly excluded this testimony. [Warren v. Pulitzer Pub. Co., supra.] In ruling on this question, the trial court stated that it would permit appellant to show the interest of any of these witnesses, but not how these jurors voted in the first trial.

The interest of a witness with respect to the issue on trial is never irrelevant, State ex rel. v. Daues, 320 Mo. 1234, 10 S. W. (2d) 931, but we do hold that as to how a former juror voted is not an issue at a subsequent trial.

Appellant requested that Instruction No. 10 deal solely with the cases in which the respondent was plaintiff and the Brotherhood of Locomotive Firemen and Enginemen was defendant. It was cautionary instruction on a collateral matter. In the first appeal of this case, we ruled ''that the giving or refusing of instruction of a cautionary nature rests largely in the discretion of the trial court; that litigants are not entitled to such instruction as a matter of right and that they should be used with caution.'' [343 Mo. 1049, 124 S. W. (2d) l. c. 1095.] We adhere to that ruling.

The appellant's last assignment of error is that, ''The trial court erred in refusing the defendant a continuance by reason of plaintiff amending his petition after the jury had been impaneled, increasing the amount sued for as special damages for 'loss of time and earnings in the sum of approximately $1,000.00 to $10,000.00.' ''

The original petition alleged a total of damages in the sum of $75,000, which remained the same in the amended petition. The first trial was held in June, 1935, and this trial commenced on January 8, 1940. From what developed in the first trial, the appellant knew what respondent claimed he lost in earnings each year. It could not have been surprised by the amendment. In fact, it does not claim surprise. There was no error in overruling its oral motion for a continuance.

Finding no reversible error in the record, the judgment should be affirmed. It is so ordered. All concur.