OSCAR E. NELSON, Respondent, v. KANSAS CITY, MISSOURI, a Municipal Corporation, Appellant, No. 41369—227 S. W. (2d) 672.

Court en Banc, February 13, 1950.

Rehearing Denied, March 13, 1950.

144

*David M. Proctor,* City Counselor, *John J.. Cosgrove* and *T. James Conway,* Assistant City Counselors, for appellant.

*Walter W. Calvin* for respondent.

CLARK, J.—Respondent, as plaintiff, in a personal injury action prayed for judgment in the sum of $10,000.00. At the close of all the evidence defendant moved for a directed verdict on the ground that no submissible case was made. That motion was overruled and plaintiff secured verdict and judgment for $1100.00. He filed a motion for new trial stating among other allegations that the verdict is grossly inadequate. The court sustained the motion solely on that ground and ordered a new trial on the question of damages only. Defendant appealed from that order without filing any after trial motion.

Respondent contends that, as appellant did not file any after trial motion, the only question here is whether the trial court abused his discretion in granting a new trial on the ground of the inadequacy of the verdict. He says that evidence as to liability is not reviewable, but only evidence pertaining to the extent of respondent's injuries.

Appellant contends that we have the right and duty to review the evidence as to liability.

We must sustain appellant's contention because, if respondent made no submissible case and therefore is not entitled to *any* damages, he should not be granted a new trial solely on the ground that the verdict in his favor is inadequate. If the evidence was insufficient to submit the question of appellant's liability, of course a verdict for respondent in any amount would be excessive, regardless of the extent of his injuries. In cases where new trials have been granted for erroneous instructions, we have frequently examined the evidence as to liability and have refused to sustain the granting of a new trial to a plaintiff where no submissible case was made. [Chappee v. Lubrite Refining Co., 337 Mo. 791, 85 S. W. (2d) 1034; 101 A. L. R. 471.]

The facts most favorable to respondent Nelson, as shown by the evidence, are clearly and accurately stated in an opinion prepared by one of our Commissioners which opinion failed of adoption. We adopt that statement as follows:

"Nelson had been an employee in the fire department of the City and was on the retired list. On September 14, 1945, the day Nelson suffered the injury complained of, he was a fire inspector for Trans World Airlines. His duties were to inspect the various buildings and equipment of his employer at the Kansas City Municipal Airport. The airline company used the airport under a lease from the City. A high fence had been constructed extending from the Administration Building to the Terminal Building. We need not detail the facts disclosing the exact position of this fence and the various routes of the plaintiff in performing his duties. Suffice to say that in this fence there was a gate which was kept locked and was not

used by the employees or by the general public. In fact, plaintiff testified that the gate was used only on special occasions. It was used when the President of the United States arrived at the airport, also when General Eisenhower made a visit to the city, and again when the President of Mexico was in Kansas City. There was evidence that the gate was also used when a large cargo was to be delivered at the airport. In such cases permission would be obtained to use the gate. The key was kept at the offices of the Field Superintendent. Nelson's employer had no key for this gate. On the afternoon of September 14, 1945, President Truman was to arrive at the airport. This fact was generally known and a large number of people were assembled at the port. It was decided to allow the President and his party to pass through the gate in question in order to escape the large, curious crowd and the traffic congestion. The key was obtained for the gate and four officers [police] were stationed at the gate for the purpose of opening it to permit the President and his party to pass through. It was to be used by no one else. While these officers were so stationed and before the President arrived, Nelson was on duty making his daily inspections. He testified that he knew the President was to pass through the gate in question and that he went there for the purpose of seeing the President. Note what occurred as testified to by Nelson.''

■■■■ Nelson testified that when he came to the gate it was closed and two city police and two auxiliary policemen were watching "so that the gate wouldn't be opened or closed until the proper time; that he told them the President would not arrive for a few minutes and asked permission to go through the gate, saying: "If you fellows will let me through this gate it will save me going through the crowd and all those automobiles down to the other door;" that "they" told him to go through and one of them pushed the gate partly open; that he started through and some heavy object fell on his head and injured him.

Nelson, at the time and place he was injured, was a mere licensee. [45 C. J., 794, sec. 198; 45 C. J., 830, sec. 240.] When he deviated from his route and for his own pleasure went to the gate in question he was not in the performance of his duties. When he attempted to pass through the gate he was at a place where he knew he should not be. Under the circumstances, the appellant cannot be held liable. [Porchey v. Kelling, 353 Mo. 1034, 185 S. W. (2d) 820; Boneau v. Swift & Co., (Mo. App.) 66 S. W. (2d) 172; Menteer v. Scalzo Fruit Co., 240 Mo. 177, 144 S. W. 833; Glaser v. Rothschild, 221 Mo. 180, 120 S. W. 1; 45 C. J., 798, sec. 203; 38 Am. Jur., 761, sec. 100.]

■■■ As Nelson was not entitled to any damages against appellant, he should not have been granted a new trial on the ground that the verdict was inadequate.

Under proper procedure, appellant should have renewed its request for a directed verdict, or judgment notwithstanding the verdict, by an appropriate after trial motion. [Hughes v. St. Louis National Baseball Club, 359 Mo. 993, 224 S. W. (2d) 989.] Appellant having failed to file such motion, what judgment should this Court render?

In view of our finding that no liability exists, we cannot consistently affirm the order of the trial court granting a new trial on the question of damages only. Nor can we rightfully order a new trial on all the issues. To do so would be unjust to both parties. It would, unless respondent should dismiss his action, subject them to the futile effort and expense of another trial and possible appeal, although we hold no liability exists.

Section 140 of our Civil Code commands "unless justice requires otherwise the court shall dispose finally of the case on appeal . . . ." True, the same section also says that we shall consider no allegations of error "except such as have been presented to or expressly decided by the trial court." But the question of the sufficiency of the evidence to make a submissible case was submitted to the trial court and decided against appellant by the overruling of appellant's motion for a directed verdict. That question, although raised in and decided by the trial court, was not properly preserved by an after trial motion.

However, we are not left helpless to do what we consider justice in the premises. Under legal authority this court has promulgated certain rules among which are the following:

Rule 3.27.: Plain errors affecting substantial rights may be considered on motion for new trial or on appeal, in the discretion of the court, though not raised in the trial court or preserved for review, or defectively raised or preserved, when the court deems that manifest injustice or miscarriage of justice has resulted therefrom.

Rule 1.28: These rules shall be liberally construed to promote justice, to minimize the number of cases disposed of on procedural questions and to facilitate and increase the disposition of cases on their merits.

We hold that the trial court erred in overruling defendant's motion for a directed verdict and in granting plaintiff a new trial. Accordingly the order and judgment granting a new trial is hereby reversed and the cause remanded with directions to enter a judgment in favor of defendant. It is so ordered. All concur.