**Neva SENTER, Plaintiff-Appellant,**

v.

**Virginia FERGUSON, Defendant-Respondent.**

No. 34244.

Missouri Court of Appeals, St. Louis District, Division 2.

July 25, 1972.

Motion for Rehearing or to Transfer to Supreme Court Denied Sept. 20, 1972.

Application to Transfer Denied Dec. 11, 1972.

Thurman, Nixon, Smith & Howald, Louis Jerry Weber, Hillsboro, for plaintiff-appellant.

Buerkle, Buerkle & Lowes, Jackson, for defendant-respondent.

DOWD, Presiding Judge.

Action for damages sustained in an automobile collision. The jury returned a verdict for the plaintiff in the amount of $500.00. Plaintiff's motion for a new trial was overruled and she appeals.

The plaintiff Neva Senter testified as follows. She was injured on March 14, 1970, when the car she was driving struck the rear of a car which the defendant Virginia Ferguson was backing out of her driveway. The accident occurred at night on a residential street in Fredericktown, Missouri. Plaintiff was driving south on Marshall Street, a two-lane thoroughfare with parking on both sides, at approximately 20 miles per hour. There were overhead street lights, and plaintiff testified that she was driving with her headlights on "dim," enabling her to see about 100 feet ahead. She was not wearing her seat belt. As she approached the Ferguson house she thought she saw a dog to her right and glanced over in that direction. When she looked back at the street, there was a car in front of her, the rear end of which extended into the southbound lane of travel. There were no lights on this vehicle, which was stopped about one car length in front of the plaintiff at the time she first saw it. She tried to swerve her car, but the front end collided with the rear fender of the other car. Her car then veered across the street and struck a parked car on the other side.

The only witness to the accident testified that she saw the plaintiff's brake lights go on about one car length in back of the defendant's vehicle, and that she saw the cars collide right at the driveway to the Ferguson house. She did not observe any lights on the Ferguson car.

The defendant Virginia Ferguson testified that she was backing out of her driveway and did not see a car approaching, although she had looked in both directions. When her car was about one foot into the southbound lane of Marshall Street, she stopped in order to shift into forward gear and pull back into the driveway. Her headlights were on at the time, enabling her to observe her dog in the yard, and she intended to pull back into the driveway to let the dog in the house. While stopped in this manner, her car was struck by the plaintiff.

On this appeal, plaintiff's first two assignments of error relate to the admission of certain medical evidence and the giving

of Instruction No. 9 to the jury. Plaintiff's third assignment of error is that the verdict is so inadequate as to show bias and prejudice on the part of the jury.

If we conclude that plaintiff is correct in her first two assignments of error, it will be unnecessary for us to consider her third assignment. This is for the reason that the first two alleged errors relate to the measure of damages, or in other words, they have a demonstrable connection with the amount of the verdict. If the errors were in fact committed by the lower court, we assume that they affected in some way the amount of the verdict. This would be true even if the verdict was found to be adequate. Thomas v. Jones, Mo., 409 S.W.2d 131.

The first assignment of error concerns the giving of Instruction No. 9, as follows: "You are instructed that any award made to plaintiff as damages in this case, if any award is made, is not subject to Federal or State Income Taxes, and you should not consider such taxes in fixing the amount of any award made the plaintiff, if any you make." This Instruction was given in addition to Instruction No. 7 which is the M.A.I. damages instruction for personal injury actions (4.01).

Respondent contends that this exact instruction was specifically approved and authorized in Dempsey v. Thompson, 363 Mo. 339, 251 S.W.2d 42, and referred to with approval in Bowyer v. Te-Co. Inc., Mo., 310 S.W.2d 892. Both these cases, 1952 and 1958 respectively, were decided by the Supreme Court prior to the adoption of M.A.I. Since that time we are unaware of any cases where such an instruction was the basis for an appeal. This case, is, therefore, in a limited respect, one of first impression.

The question we must answer is whether, after the promulgation and adoption of M.A.I., it was error to give this additional instruction on the issue of damages.

Supreme Court Rule 70.01, V.A.M.R. states, "Whenever M.A.I. contains an instruction applicable in a particular case which the appropriate party requests or the court decides to submit, such instruction shall be given *to the exclusion of any other on the same subject*." (Emphasis ours). See also Jurgeson v. Romine, Mo.App., 442 S.W.2d 176.

In the instant case, in plain violation of this rule, two instructions on damages were given. While this was permissible before the introduction of M.A.I., it is now contrary to both the letter and spirit of the law. The court, in Brown v. St. Louis Public Service Co., Mo., 421 S.W.2d 255, while not considering an "income tax" instruction such as we have here, nevertheless used language which is appropriate for this case. "If counsel are permitted to 'improve' the approved instructions, *even within the confines of specific precedents,* the value of these instructions will be lost." (Emphasis ours). l. c. 258.

The *Brown* case held that a deviation from an M.A.I. instruction which does not need modification under the facts in the case establishes a presumption of prejudicial error. Likewise, in Houston v. Northup, Mo., 460 S.W.2d 572, the court was called upon to decide whether the giving of an additional instruction by the trial judge constituted error, in a situation where the jury requested clarification of the M.A.I. instructions given to them. The court stated at pp. 575–576, "Implicit in a scheme of approved pattern instructions such as M.A.I. is the central idea that such instructions do not require further clarification or amplification. They submit ultimate issues and do so adequately. Consequently, we have held in cases such as Brown v. St. Louis Public Service Co., Mo., 421 S.W.2d 255, and Murphy v. Land, Mo., 420 S.W.2d 505, that change in the prescribed language other than the authorized modifications is not permissible and constitutes error. *Necessarily, it also follows that it is not permissible to modify or enlarge or change*

*or explain M.A.I. instructions by separate instructions not provided for or authorized in M.A.I. To permit modification, clarification or improvement by separate instructions would be just as objectionable as doing so within the body of the prescribed instructions.* \* \* \* M.A.I. makes no provision for, and does not authorize or contemplate that trial judges will devise additional instructions seeking to explain or amplify instructions which conform to M.A.I." (Emphasis ours).

■ The instruction which referred to taxes in the case at bar was clearly an addition to or "modification" of M.A.I. 4.01 which was not called for by the issues in the case, and which has been specifically prohibited by our Supreme Court. If Instruction No. 9 be approved, what is there to prevent an instruction that the jury is to consider the fact that plaintiff must pay her attorney one-third of whatever sum she is awarded? Such a Pandora's box was specifically intended by M.A.I. to remain closed. *Brown,* supra; *Houston,* supra. We must accordingly rule that the giving of this instruction established a presumption of prejudicial error which may have tended to influence the amount of the verdict. Thomas v. Jones, supra.

■ The second assignment of error is the admission of evidence of prior injuries or conditions unrelated to the injuries herein complained of for the purpose of impeaching the plaintiff.

On direct examination, the plaintiff stated that she had been in good health prior to the accident of March 14, 1970. On cross-examination, the defendant's attorney questioned her regarding prior injuries and conditions for 17 years prior to trial, starting with a hospitalization in February of 1953 and ending with a hospitalization in January of 1966. She was also questioned about a hospitalization subsequent to the March 1970 accident. Briefly, the prior injuries and conditions related to nerves in 1953, a thyroid operation in 1958 or 1959, a fall resulting in bruises, dizziness and

headaches in 1961, an auto accident resulting mainly in a rash, with some headaches and dizziness in 1961, hemorrhoids and cataracts in 1964, back and bowel trouble in 1965, and back surgery in 1966. The plaintiff's doctor, on cross-examination, was questioned as to all complaints made by the plaintiff, and treatment performed or prescribed by him or his brother (also plaintiff's doctor) since 1956. Without going into any more detail as to the nature of the various ailments, suffice it to say we discern none from the record which are even remotely connected with the injuries pleaded, and received as a result of this accident, which were mainly alleged to be a fracture of the left wrist, lacerations, bruises, and "black eyes."

■ The entire line of questioning and the testimony elicited by it concerned, therefore, prior unrelated medical history. The respondent contends that such evidence is admissible for the purpose of affecting the plaintiff's credibility, based on her statement of prior good health. While we are dubious that this evidence, stretching as it did over a period of seventeen years and covering the ages of 43–60, served its purpose of impeachment, we could not sanction its admission even if it did serve the purpose. Irrelevant and immaterial evidence does not become admissible simply to impeach a witness. Switzer v. Switzer, Mo., 373 S.W.2d 930 [13–17].

■ We recognize the fact that this type of questioning and the admission or refusal of this type of evidence is largely within the discretion of the trial court and will not be overturned lightly. Ayres v. Keith, Mo., 355 S.W.2d 914; Arnold v. Alton R. Co., 348 Mo. 516, 154 S.W.2d 58; Willis v. Wabash R. Co., Mo., 284 S.W.2d 503. However, the general rule is that a witness may not be cross-examined as to a distinct collateral fact for the purpose of impeaching his testimony by contradicting him. Marrah v. J. & R. Motor Supply Co., Mo.App., 165 S.W.2d 271; Grayson v. Pellmounter, Mo.App., 308 S.W.2d 311. We believe the trial court erred in permit-

ting this extensive, irrelevant line of cross-examination over plaintiff's objection. Respondent cites two cases in support of her position, both of which are clearly distinguishable.

■■ Only one point must yet be considered. That is respondent's contention that plaintiff was guilty of contributory negligence as a matter of law, and that because the trial court erred in not sustaining her motion for a directed verdict, she may argue this error as a ground for affirming the judgment even though, as respondent, she is not the appealing party. This is not correct. The law is that a respondent may attack the erroneous rulings of the trial court for the purpose of sustaining a judgment in *respondent's* favor. St. Charles Savings Bank v. Denker, 275 Mo. 607, 205 S.W. 208; Crabtree v. Bankers Life Ins. Co. of Des Moines, Iowa, 233 Mo.App. 1067, 128 S.W.2d 1089; Kennedy v. Dixon, Mo., 439 S.W.2d 173. The judgment in the case before us was not in favor of the respondent. She, therefore, did not bring herself within the exception to the general rule that a party who does not appeal will not be heard as to errors committed against him in the trial court. Crabtree v. Bankers Life Ins. Co., supra. Respondent, as an aggrieved party, had the right to appeal from a judgment in favor of the plaintiff. This she did not do, and so she has no standing to set forth errors allegedly committed in the trial court, on any grounds whatsoever. Kennedy v. Dixon, supra.

Therefore, since we determine that appellant is correct in her first two assignments of error, we must reverse and remand. As stated earlier, we do not reach consideration of the inadequacy of the verdict, since the errors for which we reverse go to the issue of damages. Under the authority of Thomas v. Jones, supra, we must presume that these errors tended to influence the verdict.

Therefore, the judgment is reversed and remanded for a new trial on all issues.

SMITH and SIMEONE, JJ., concur.