Joseph GRIPPE, Appellant,

v.

Dr. Sam MOMTAZEE and St. Louis
OB–GYN Group, Inc., Respondents.

No. 66703.

Supreme Court of Missouri,
En Banc.

Sept. 10, 1985.

Ray E. White, Jr., Clayton, Samuel A. Goldblatt, St. Louis, for appellant.

Joseph M. Kortenhof, St. Louis, for respondents.

WELLIVER, Judge.

This is a wrongful death action brought by the deceased's husband, Joseph Grippe, against defendants-respondents, Dr. Sam Momtazee and St. Louis OB–GYN Group, Inc. Plaintiff-appellant Grippe alleges that defendant-respondent Momtazee committed malpractice by failing to detect the deceased's breast cancer early enough when her chances of survival were alleged to be greater than when the cancer was finally diagnosed. The jury returned a verdict in favor of defendants-respondents. Plaintiff-appellant's motion for new trial was denied and the court entered a final judgment upon the verdict.

Plaintiff filed an appeal, alleging four trial errors. Defendants-respondents' brief argued, *inter alia*, that regardless of the alleged errors the judgment should be affirmed because the plaintiff-appellant failed to make a submissible case. On appeal, the court of appeals did not address any of appellant's challenged errors. Rather, the court held that dispositive of the appeal was plaintiff-appellant's failure to present any evidence establishing a causal connection between the alleged negligence and the deceased's cause of death. Leave was granted to the Missouri Association of Trial Attorneys to file a brief as amicus curiae on the motion for rehearing. The Association expressed concern with language used by the court of appeals in deciding the proper test and standard of proof on the issue of causation in a medical malpractice case involving an alleged delayed diagnosis. The court of appeals denied the motion for rehearing. This Court ordered transfer believing that we should examine the question of whether the court of appeals correctly treated this issue. We now conclude that the court of appeals should have examined plaintiff-appellant's four allegations of error prior to considering submissibility. The cause is retransferred.

■ The submissibility of plaintiff-appellant's case was not an *issue* on this appeal. Appellant's case was submitted and no party claims to be aggrieved by the submission of the case. The only issues that are inherent and remain in every appeal are questions concerning subject matter jurisdiction and the sufficiency of the pleadings to state a claim upon which relief can be granted or a legal defense to a claim. Rule 84.13. *See also* Rule 78.07; § 512.160, RSMo 1978. Submissibility and sufficiency of pleadings are not the same thing. All other errors must be preserved by the aggrieved party, and such errors may then be considered on appeal. *See generally* Rules 84.13, 81.01, 78.07; § 512.-020, RSMo 1978. It is clear that defendants-respondents in this case are not aggrieved parties; and they are neither entitled to cross-appeal nor raise any allegation of trial error. *See generally Baily v. Interstate Airmotive*, 358 Mo. 1121, 219 S.W.2d 333, 335 (1949); *Robbins v. Jewish Hospital of St. Louis*, 663 S.W.2d 341, 344 (Mo.App.1983). They won at trial and plaintiff-appellant's motion for new trial was denied. Defendants-respondents, therefore, cannot be heard to complain, in effect, that the trial court committed error by not taking the case from the jury.

■ The court of appeals, relying upon *Robbins, supra,* held that it could treat the issue of submissibility prior to considering any of plaintiff-appellant's allegations of error. In *Robbins,* the plaintiff won at trial but the trial judge granted defendant's motion for new trial. The plaintiff appealed from the post-judgment order and the defendant appealed from the court's denial of defendant's motion for directed verdict. The court of appeals dismissed the cross-appeal, but then used broad language indicating that it could examine the issue raised in the cross-appeal that the plaintiff failed to make a submissible case. There the issue of submissibility remained in the case because the plaintiff won at trial and the appellate court was required to rule on the propriety of the trial court's order granting a new trial and whether the plaintiff made a submissible case before reinstating the verdict for plaintiff. It is when the trial court *grants* a post-trial motion that the issue of submissibility remains in the case.[1] *Cf.* Rule 72.01. Overly broad language in other cases that might suggest that submissibility of a case may always be considered as an initial matter

---

1. *See Hart v. Midkiff,* 321 S.W.2d 500 (Mo.1959); *Lilly v. Boswell,* 362 Mo. 444, 242 S.W.2d 73 (1951); *Nelson v. Kansas City,* 360 Mo. 143, 227 S.W.2d 672 (Mo. banc 1950); *Hughes v. St. Louis National League Baseball Club,* 224 S.W.2d 989 (Mo. banc 1949); *Baily v. Interstate Airmotive, supra; Oganaso v. Mellow,* 356 Mo. 228, 201 S.W.2d 365 (1947); *Rose v. Thompson,* 346 Mo. 395, 141 S.W.2d 824 (Mo.1940); *Barr v. Missouri Pacific Railroad Co.,* 37 S.W.2d 928 (Mo.1931). It might be noted, however, that these cases were decided under a different code of civil procedure.

by the appellate court should not be followed.

Appellant could not raise or preserve the naked question of submissibility because the case had been submitted as appellant had requested. Defendants-respondents could not raise the naked question of submissibility because of their favorable jury verdict resulting from the submission. Neither party was aggrieved by the submission and neither party had standing to challenge submissibility. Only after a favorable finding for appellant on one or more of plaintiff-appellant's alleged errors could the court of appeals reach the question of submissibility—a question inherent in deciding whether the error found by the appellate court merits reversal or remand for new trial. *Cf.* Rule 84.14.

On retransfer, the court of appeals should examine the alleged errors and then, if warranted, address the question of submissibility.

Opinion filed and ordered published and cause ordered retransferred to the court of appeals for further consideration consistent herewith.

HIGGINS, C.J., BILLINGS and DONNELLY, JJ., and TURNAGE, Special Judge, concur.

BLACKMAR, J., concurs in separate opinion filed.

RENDLEN, J., concurs in result and concurs in separate opinion of BLACKMAR, J.

ROBERTSON, J., not participating because not a member of the Court when cause was submitted.

BLACKMAR, Judge, concurring.

I agree that the case should be retransferred to the Court of Appeals, Eastern District, for consideration of the trial errors asserted by the plaintiff-appellant. The issue between the parties was presumptively settled by a jury in defendants' favor. The plaintiff faces a substantial burden in order to obtain a retrial.

Issues of submissibility require careful scrutiny of the entire record. The strong presumption is in favor of allowing the jury to decide the case. In the case before us the question of submissibility seemed important enough to commend our review, after the Court of Appeals found no submissible case. Even if we were to decide that the plaintiff had made a submissible case, however, we would still be required to deal with the claims of trial error before we could accord the plaintiff the relief sought.

A question of submissibility in a case of this kind is not a clear-cut question of law. It requires careful consideration of the evidence and of the precise manner of expression employed by the expert witnesses. I am reluctant to reach a question of this kind unless it is clearly necessary.

I would not, however, write so broadly as the principal opinion does. The respondent on appeal is entitled to raise any available argument in support of the judgment appealed from. *Martin v. Fulton Iron Works Co.,* 640 S.W.2d 491, 495 (Mo.App. 1982); *Cascio v. Garrett,* 535 S.W.2d 272, 274 (Mo.App.1976); *Senter v. Ferguson,* 486 S.W.2d 644, 648 (Mo.App.1972). A plaintiff is not entitled to a new trial, no matter how grievous the trial error, if there is no submissible case. Appellate courts have generally had discretion to decide cases on controlling issues, while pretermitting decision of issues not necessary to the result reached. I would content myself by saying that an appellate court should hesitate to decide a case on the issue of submissibility when the trial court has submitted the case to the jury and the appeal might be finally resolved by ruling other issues. I would not circumscribe the discretion of the Court of Appeals as the principal opinion does. I would also assert, emphatically, that this Court has the discretion to decide any appeal on any ground which is sufficient to rule the entire case.