**Robert COURTNEY, Appellant,**

v.

**Richard EMMONS & Kenneth Emmons and Thomas R. Woods & T.R. Woods Trucking, Inc., Respondents.**

No. 50020.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 17, 1985.

Randall, Keefe and Griffiths, Nile D. Griffiths, St. Louis, for appellant.

John L. Harlan, Jr., Harlan & Harlan, St. Louis, for Richard Emmons and Kenneth Emmons.

Mark G. Burns, Burns, Marshall and Burns, Clayton, for Thomas R. Woods and T.R. Woods Trucking, Inc.

DONALD L. MANFORD, Special Judge.

This is a civil action seeking recovery of damages for personal injury. The trial court entered a directed verdict for respondents-defendants at the close of appellant-plaintiff's case. The judgment is affirmed.

Appellant presents three points, which in summary charge that the trial court erred in directing a verdict, because (1) the evidence introduced did make a submissible case of negligence, (2) the medical evidence was admissible because it was based upon personal knowledge of the physician, and (3) there was no error in the offered hypothetical question propounded to the physician because said hypothetical question was based upon substantial circumstantial evidence.

When this appeal was presented, separate respondents, Thomas Woods and T.R. Woods Trucking, Inc. (hereinafter Woods Trucking, Inc.) filed a motion to dismiss said appeal because appellant, neither in his motion for new trial nor within his points relied upon, has made any challenge to the trial court's directed verdict as to respondent Woods Trucking Inc. By order of this court, this motion was taken with the case. At the close of appellant's case, the trial court first directed a verdict to the favor of Woods Trucking, Inc. upon appellant's failure to present any evidence that separate respondent, Richard Emmons, was employed by anyone and specifically Woods Trucking, Inc.

A review of the evidence, appellant's motion for new trial and appellant's brief reveal the following:

Appellant introduced no evidence as for whom Richard Emmons worked or if he was, in fact, employed by anyone. There was no evidence that Emmons was an employee or agent of Woods Trucking, Inc. Further, appellant did not raise the issue in his motion for new trial. Still further, appellant does not even charge the trial court with error in having entered a directed verdict for Woods Trucking, Inc. The motion of Woods Trucking, Inc. to dismiss this appeal as to Woods Trucking, Inc. is sustained.

On another note, because of the disposition of this appeal, points (2) and (3) presented by appellant are not reached as they charge errors related to the issue of damages. The sole issue before this court is whether the trial court erred in directing a verdict for respondents Richard Emmons and Kenneth Emmons at the close of appellant's case for failure to make a submissible case against respondents Richard Emmons and Kenneth Emmons.

Appellant is absolutely correct that this court is bound to review the evidence and inferences therefrom to the favor of appellant or plaintiff in determining whether appellant made a submissible case. The authority cited by appellant is applicable. *Grossman Iron & Steel Co. v. Bituminous*

*Casualty Corp.,* 558 S.W.2d 255 (Mo.App. 1977), *Duke v. Missouri Pacific R.R. Co.,* 303 S.W.2d 613 (Mo.1957), *Wessler v. Wessler,* 610 S.W.2d 650 (Mo.App.1980), *Green v. Crunden Martin Manufacturing Co.,* 575 S.W.2d 930 (Mo.App.1978).

■ Likewise, no exception can be taken with appellant's reference to the requirement of motorists as dictated by § 304.014, RSMo 1978, and the host of cases appellant has cited within the applicability of said statute.

There remains, however, the requirement that a claimant must plead and prove every element of negligence claimed against a defendant. Such evidence must be substantial, and essential facts cannot be inferred. *Probst v. Seyer,* 353 S.W.2d 798, 802 (Mo.1962). The essential facts cannot rest upon speculation or conjecture. *Linneman v. Freese,* 362 S.W.2d 585, 587 (Mo.1962). When, in a given case, there is the absence of substantial evidence proving negligence, a presumption that a defendant did exercise due care arises. *Lindsay v. Wille,* 348 S.W.2d 1, 4 (Mo.1961). The essential elements which a plaintiff must prove by substantial evidence are not only basic in our tort law but are applicable herein. They include the duty owed, the failure to perform that duty by the defendant, and the resulting injuries or damages to the plaintiff arising from the failure to perform said duty by the defendant. *Bass v. Bi-State Development Agency,* 661 S.W.2d 609, 611–612 (Mo.App.1983).

It is against the foregoing legal framework that the evidence upon the record herein has been reviewed. At trial, appellant's evidence was presented by his own testimony and the deposition of a physician who examined him more than six years after the claimed injury. Since disposition of this appeal turns upon the liability issue, and the physician's testimony relates to damages, the latter evidence is not considered.

In the instant case, appellant testified that on June 8, 1978, at about 11:00 a.m., he was an employee of Asphalt Engineers assigned to a highway asphalt paving job located on westbound Highway 100 in Franklin County, Missouri. His job assignment was to direct trucks loaded with asphalt to a paving machine which placed the asphalt upon the roadway. As best this court can determine, the paving machine had a hooking device to which the trucks were attached, and the paving machine pulled the trucks after the connection was completed. This job assignment required appellant to stand on the highway while directing the trucks to the paving machine. It appears that anywhere from 12 to 18 trucks per hour were directed by appellant. He commenced work on the date in question at about 6:30 a.m. Again, this court surmises that a truck and "pup"[1] driven by Rick Emmons was one of the trucks delivering asphalt. This court again surmises that the Emmons truck had deposited its load of asphalt and was returning to obtain another load of asphalt for delivery to the paving machine. Apparently, as the trucks unloaded their load of asphalt, they would proceed east, then turn around and go westbound on Highway 100 to secure another load of asphalt.

Appellant's testimony, upon both direct and cross-examination, disclosed that he was two or three feet north of the center line of Highway 100, directing asphalt trucks to the paving machine. He could not identify the center line as the "old center line" or the new one. He testified that his back was facing west and he was facing east as he directed trucks to the paving machine. It was established that Highway 100 runs generally in an east-west direction at the location in question. Also, the returning (empty) trucks/pups used the westbound or north portion of Highway 100 and the north highway shoulder to pass the paving machine.

Appellant further testified that he heard the job foreman holler his name three times. As he heard his name, he stepped toward the paving machine (south) to see what the foreman wanted, and his left

---

1. Term used to refer to the trailer portion of the trucks carrying the asphalt.

shoulder, arm and wrist were "grazed." He stated that he never observed the Emmons truck/trailer at anytime prior to impact. In fact, appellant never testified that the Emmons truck/trailer struck him. What he testified to was pain in his shoulder, arm and hand, and observing the foreman move toward the Emmons truck/trailer. Appellant offered no evidence as to either the speed or location of the Emmons truck/trailer.

■ Appellant predicated his claim upon the failure of respondent Emmons to maintain a proper lookout, either ahead or laterally. The problem lies in appellant's failure to offer any evidence, let alone substantial evidence, that Emmons failed to keep a lookout or that such failure was the proximate cause of the injuries allegedly sustained by appellant. There also was a complete lack of evidence that there existed the means and appliances at hand to have avoided the accident or that there was sufficient time and distance for the taking or execution of effective action. Stated another way, there is no evidence which established that respondent Emmons could or should have done something in some manner to have avoided the accident. These are essential elements of appellant's case. *Page v. Baxter,* 503 S.W.2d 32, 34 (Mo.App.1973). If negligence is to be inferred, such inference must relate to a conclusion of negligence with certainty and it is not sufficient that the inference of negligence be merely consistent with a conclusion of negligence. This supports the rule that if there are two inconsistent conclusions relating to negligence, then a plaintiff fails to make a submissible case. *Webb v. City of Clayton,* 494 S.W.2d 662, 664 (Mo.App.1973).

■ When the whole of appellant's evidence and all reasonable inferences therefrom are considered, that evidence and those derivable inferences merely disclose that his shoulder, arm, and hand were "grazed" by a trailer of an asphalt-carrying truck. Appellant's testimony did not, by substantial evidence, make a case submissible to the jury as the trier of fact. The trial court did not err in directing a verdict to the favor of respondents, Richard Emmons and Kenneth Emmons at the close of appellant's case.

■ This court is not unmindful of the recent ruling by the Missouri Supreme Court in the case of *Grippe v. Momtazee,* 696 S.W.2d 797 (Mo. banc 1985) wherein it was held that appellate courts can no longer dispose of cases on appeal upon the question of submissibility without first ruling other presented trial errors, if any. However, unlike *Grippe,* the case herein submits as the primary issue the issue of submissibility because the appeal presented herein arises from a directed verdict at the close of the plaintiff's (appellant's) case. In *Grippe,* the cause had been submitted to the jury and the respondent raised the issue of submissibility on appeal. The Supreme Court ruled that respondents were not an aggrieved party. In *Grippe,* the Supreme Court ruled, "[I]t is when the trial court *grants* a post-trial motion that the issue of submissibility remains in the case." (Emphasis in original.) At 798. This court reasons from that specific language and the whole of the opinion in *Grippe* that submissibility certainly remains in the case when the appeal is taken from a directed verdict, either at the close of a plaintiff's case (as herein) or at the close of all the evidence.

■ If submissibility remains in the case as a result of a post-trial motion, it must follow that it remains an issue if the appeal arises from a directed verdict. Hence, by said understanding and interpretation of *Grippe,* this court was not obligated to take up and rule appellant's alleged trial error under his points (2) and (3) supra.

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.