**Paul BEARD, Plaintiff-Appellant,**

v.

**ST. MARY'S HEALTH CENTER,**
**Defendant-Respondent.**

No. 51428.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 9, 1987.

Motion for Rehearing and/or Transfer
Denied July 9, 1987.

Application to Transfer Denied
Sept. 15, 1987.

Helton Reed, Jr., St. Louis, for plaintiff-appellant.

Don R. Sherman, Dana D. Eilers, Weiss, Goffstein, Kraus Seigel & Sherman, St. Louis, for defendant-respondent.

CARL R. GAERTNER, Judge.

Plaintiff appeals from the sustaining of defendant's motion for a directed verdict at the close of plaintiff's case in an action for malicious prosecution. We affirm.

We review the evidence in the light most favorable to plaintiff, giving him the benefit of all reasonable inferences therefrom. *Courtney v. Emmons*, 702 S.W.2d 139, 140 (Mo.App.1985). Plaintiff was employed as a laborer in the laundry department of defendant, St. Mary's Health Center. On January 15, 1983, he was performing his assigned task of emptying soiled linens from laundry chutes into carts to be taken

to the laundry room. Plaintiff testified he observed an electronic calculator partially within a laundry bag. It is unclear from his testimony whether he first noted the calculator on the floor or within his cart. In any event, he covered it in the cart with dirty linens. He knew it was hospital property and planned to call the security office after he had taken the cart to the room where laundry was sorted. He denied giving a subsequent statement to the police that he intended to take the calculator home. He rolled the cart down the hall to the elevator, left it, and went back to retrieve other carts.

A security guard observed the electric cord of the calculator hanging out of the laundry cart which was standing alone in the hall. Finding it suspicious that a calculator would be covered by dirty linen, he reported to his supervisor and was told to keep the cart under surveillance. Subsequently the guard notified his superior, "the cart is moving." The supervisor telephoned the director of security at the latter's home and was told to call the Richmond Heights Police. Plaintiff was stopped by the guard and detained near the elevator with the cart containing the calculator until the police arrived. Plaintiff was then taken into custody. Later that day, after giving a statement, he was released. On January 20, 1983, a warrant for his arrest on the charge of stealing over $150.00 was issued by the St. Louis County Circuit Court. The record before us does not disclose who signed the complaint other than that it was not signed by any employee or agent of defendant.

Plaintiff was subsequently arrested and retained counsel. After a preliminary hearing the information was dismissed and plaintiff discharged. There is no evidence that any employee of defendant testified at the preliminary hearing. Plaintiff then instituted this action seeking $200,000.00 in actual damages for malicious prosecution.[1]

At the conclusion of plaintiff's evidence the trial court sustained defendant's motion for a directed verdict and this appeal ensued.

There are six constituent elements of an action for malicious prosecution, each of which must be established by plaintiff in order to make a submissible case. As set forth in *Sanders v. Daniel Int'l Corp.*, 682 S.W.2d 803, 807 (Mo. banc 1984), these six elements are:

(1) the commencement of a prosecution against the plaintiff;

(2) the instigation by the defendant;

(3) the termination of the proceeding in favor of the plaintiff;

(4) the want of probable cause for the prosecution;

(5) the defendant's conduct was actuated by malice; and

(6) the plaintiff was damaged.

In *Sanders*, the majority opinion contains a thoroughly researched and scholarly analysis of the three differing degrees of malice recognized under the law. The court concluded that for reasons of public policy, viz. the need to encourage citizen assistance and participation in the enforcement of criminal laws, "malice in law," defined as a wrongful act done intentionally without just cause or excuse, was not sufficient to support the element of malice necessary for submissibility of a case seeking damages for malicious prosecution of a criminal charge. *Sanders* directs that earlier cases holding that malice in law could be inferred from proof of an absence of probable cause which, in turn, was evidenced by a favorable termination of the underlying criminal case, should no longer be followed. Rather, *Sanders* teaches that a malicious prosecution plaintiff must prove "legal malice," i.e., that "the defendant willfully institutes a criminal proceeding while conscious that such an action is wrong or unlawful," in order to make a submissible case for the recovery of actual damages. *Id.* at 810.[2]

---

1. In a second count plaintiff prayed for $200,000.00 in actual damages for abuse of process. The pre-trial dismissal of this count on motion of defendant has not been appealed.

2. Because plaintiff herein did not seek punitive damages in his petition we need not address the

third degree of malice discussed in *Sanders*, i.e., "actual malice," consisting of "ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member," necessary to support a sub-

On appeal plaintiff argues he made a submissible case by showing a "lack of 'probable cause' in that the criminal prosecution was dismissed...." This contention falls squarely within the ambit of the earlier case law discarded by *Sanders.* Although a termination of the criminal prosecution in favor of plaintiff may be *some* evidence of a want of probable cause, *Hoene v. Associated Dry Goods Corp.*, 487 S.W.2d 479, 483 (Mo.1972), it is not evidence of the culpable mental state embodied in the "legal malice" standard required to establish liability for malicious prosecution. *Sanders* at 812.

Moreover, plaintiff's evidence is totally devoid of any proof that defendant instigated the criminal prosecution. The evidence showed nothing more than a call for police intervention prompted by the observance of hospital equipment being taken from where it should have been while concealed under dirty linen in a laundry cart, and the brief detention of plaintiff and the laundry cart until the police arrived. As stated by the director of hospital security, testifying in plaintiff's case, once the police took over "it was out of my hands. We did not press charges." Plaintiff's evidence shows that the defendant did not through any of its employees sign a complaint or have any further discussion of the matter with the police. There is no evidence that defendant even knew that a criminal charge was filed five days later. The record fails to show that any of defendant's employees testified at the preliminary hearing.

In arguing that his evidence was sufficient to support a finding that defendant instigated the criminal prosecution plaintiff relies on *Smith v. Allied Supermarkets, Inc.*, 524 S.W.2d 848 (Mo.banc 1975) and *Lipari v. Volume Shoe Corporation*, 664 S.W.2d 953 (Mo.App.1983). *Smith* is totally irrelevant as it involves a suit for false arrest in which the defendant was found to have instigated plaintiff's arrest by furnishing the police with his address in the City of St. Charles in connection with a bogus check signed by one with a similar name but who was shown on the face of

the check to be a resident of Overland. We find no analogy between the instigation of an arrest by giving the police false and misleading information concerning the identity of a suspected wrongdoer and the facts of this case based upon malicious prosecution. Not only is the cause of action different, but here defendant merely reported suspicious activity to the police accurately, detained the suspicious actor and left it to the police and prosecuting attorney to determine whether or not to institute criminal proceedings.

Nor does *Lipari* afford any support for plaintiff's argument. In *Lipari* a defendant reported a theft and gave the police the license number and description of the thief. At the direction of her superior, an employee of defendant signed a police form indicating a desire to prosecute. Plaintiff adduced evidence that no prosecution would have been instituted without a desire to prosecute on the part of the complainant. In fact, no theft had occurred. In holding this evidence sufficient to make a submissible case of malicious prosecution, the court distinguished between merely reporting a crime and giving known facts to the police, leaving to them the decision to prosecute and "another case where the supposed crime victim points out the malicious prosecution plaintiff as the culprit and sets in motion the legal machinery to prosecute the plaintiff." *Lipari* at 954. Plaintiff herein seizes upon a single phrase, "points out the malicious prosecution plaintiff as the culprit." He argues that defendant's security guards "pointed him out as the culprit" and therefore started the legal machinery in motion causing his case to fall within the category described in *Lipari* as submissible. The fallacy in this argument is that it assumes that identification of the culprit is tantamount to setting in motion the subsequent prosecution. We disagree. There are two distinct steps to the *Lipari* scenario—identification plus conduct tending to influence the decision to initiate prosecution. This latter requirement must be read in the light of the facts in the *Lipari* case, espe-

mission of punitive damages in a malicious        prosecution cases. *Sanders,* at 815.

cially the signing of the form indicating a desire to prosecute and the later affirmance of this desire in telephone conversation. If plaintiff's contention that mere identification of a particular suspect exposes one to liability for malicious prosecution were to prevail, the public policy enunciated in *Sanders* of encouraging citizen assistance and participation in the enforcement of criminal laws would be dissipated if not totally destroyed.

The judgment is affirmed.

SNYDER, C.J., and SIMEONE, Senior Judge, concur.