**Thomas HITCHELL,
Plaintiff–Appellant,**

v.

**Leon STRAUSS and Louis Sachs, d/b/a
L & S Partnership,
Defendants–Respondents.**

**No. 53118.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 16, 1988.

Application to Transfer Denied
May 17, 1988.

Peter M. Mayer, Clayton, for plaintiff-appellant.

Hardy Menees, Clayton, for defendants-respondents.

KAROHL, Presiding Judge.

This is a personal injury suit by a tenant against his landlord. Thomas Hitchell, plaintiff, appeals after the court granted directed verdicts for defendants Leon Strauss and Louis Sachs (L & S Partnership) at the close of all evidence. Hitchell sued L & S Partnership, his landlord, and the City of St. Louis for personal injuries sustained by him when he tripped over the protruding stump of a broken street sign located on abutting city property in front of his apartment building.

Plaintiff had lived sixteen years at Hampden Hall Apartments which are owned by L & S Partnership. In May, 1984, he left St. Louis to spend the summer with his parents in Florida. Before leaving he told the apartment manager, Kaye Pitts, that he would be gone for the summer and gave her his parents' address and telephone number.

On or about June 29, 1984, the apartment management changed the frequency of the residents' garage door opening devices because an opener had been stolen. Ms. Pitts notified the residents of the change by slipping notes under their apartment doors, including a personalized, handwritten, note to appellant stating "Tom, I have an opener for you when you get home. Kaye."

On August 5, 1984, Hitchell began the two day drive back to St. Louis from Florida. He arrived at the apartment at approximately 2:00 p.m. on August 7, 1984. Plaintiff drove directly to the garage, anticipating that he would be able to enter and park in his customary parking space. After trying unsuccessfully several times to get the garage door to open, Hitchell parked and exited his car in front of the garage door. As he was walking to a side door of the building, he tripped over a metal post stump in the public easement and was injured.

The apartment manager, Ms. Pitts, was aware of the hazard. At least two weeks prior to Hitchell's fall she reported the condition to the City Street Department. At all times Hitchell had keys to both the front and back doors of the apartment building, giving him ingress and egress to his apartment.

At the conclusion of the plaintiff's evidence the co-defendants, City of St. Louis and L & S Partnership, each presented and argued Motions for Directed Verdicts. The trial court overruled the City's motion and took the landlords' motion under submission. At the close of all the evidence, the court sustained the landlords' Motion for Directed Verdict. The claim against the city was submitted to the jury who returned a verdict of $167,500 for the plaintiff, but reduced the award by one-third as allocation of Hitchell's comparative fault. That verdict and judgment have not been appealed.

Hitchell appeals the trial court's order sustaining the motion as to Strauss and Sachs, the landlords. He brings six points of trial error, all relating to the submissibility of the case against the landlords.

Put succinctly, the sole issue before this court is whether the trial court erred in directing a verdict for respondent L & S Partnership at the close of all evidence for failure of Hitchell to make a submissible case against the landlord. This court must review the evidence and inferences therefrom in the light most favorable to plaintiff in determining whether he made a submissible case. *Langton v. Brown,* 591 S.W.2d 84, 86 (Mo.App.1979). "A claimant must plead and prove every element of negligence claimed against a defendant. Such evidence must be substantial and essential facts cannot be inferred." *Courtney v. Emmons,* 702 S.W.2d 139, 141 (Mo.App. 1985). An issue should be submitted to the jury if there is any evidence which would justify recovery. *Sands v. R.G. McKelvey Bldg. Co.,* 571 S.W.2d 726, 733 (Mo.App. 1978). Determination of whether the evidence is sufficient to submit the issues to the jury is a legal question and not a matter of judicial discretion. *Meyer v. Lanning,* 620 S.W.2d 34, 35 (Mo.App.1981). The essential elements a plaintiff must prove in a personal injury action include the duty owed, the failure by defendant to perform that duty, the causal connection between the defendant's act or omission

and plaintiff's injury, and proof of the resulting damages.

At trial Hitchell's evidence was presented by his own testimony and that of Ms. Pitts, the apartment manager. Hitchell predicated his claim against L & S Partnership upon their failure to notify him of the change in the garage door opening system. His "but for" argument is that the landlord's failure to notify him placed him in a position to encounter the negligently maintained street signpost on City's property which caused his fall and injury.

The problem with this contention is that Hitchell cites no case law, and we find none, where a landlord's duty to his tenant extends off-premises. A landlord is under a duty, however, to keep those portions of the premises over which he retains control in a reasonably safe condition and he will be liable for damages resulting from his failure to do so. *Pate v. Reeves*, 719 S.W.2d 956, 957 (Mo.App.1986). Cases are legion which hold that the mere relationship of landlord and tenant does not make the landlord liable to tenant for all injuries occurring on the premises. *Erhardt v. Lowe*, 596 S.W.2d 489, 491 (Mo. App.1980); *Swingler v. Robinson*, 321 S.W.2d 29, 30 (Mo.App.1959). There is no authority for extending the duty to include liability for hazards off the premises. Here, the hazard was located off the rented premises. It was in a public sidewalk easement. The injury resulted from the City's failure to remove or replace a broken metal signpost. There was no evidence that the failure of the garage door to open forced or compelled Hitchell to encounter the hazard. In fact, Hitchell testified that he took the shortest path to the side door of the garage which involved cutting across the property and onto the city sidewalk. Alternative safe routes were also available.

An essential element of plaintiff's case is proof of a duty owed him by the landlord. The breach of this duty must proximately cause the injury incurred. It is an established principle of landlord-tenant law that a landlord has a duty to provide reasonably safe means of ingress and egress over common property, *see, e.g.*,

*Walker v. Niemeyer*, 386 S.W.2d 87, 92 (Mo.1965). This rule does not apply to the case at bar. Hitchell never claimed that the door he tried to enter was the sole access to his apartment or that an alternative safe route was not provided and available. He had keys giving him entry to the building by both front and back doors. Hitchell presented no evidence to prove the landlord's acts on the rented premises forced or compelled him to encounter the off-premise hazard as his only means of entering the building. Absent such proof, Hitchell's claim of negligence against L & S Partnership fails because it attempts to extend defendant landlord's duty of care beyond that recognized by law. In the absence of proof of a breach of duty we need not address issues of proximate cause, foreseeability, or a requirement for expert testimony.

The trial court correctly sustained the landlord's Motion for Directed Verdict and submitted the claim of negligence against the City of St. Louis to the jury.

Judgment affirmed.

SMITH and KELLY, JJ., concur.