104 So.2d 680 (1958)
Willard BEARD and Faye Davenport Jernigan, Appellants,
v.
STATE of Florida, Appellee.
No. A-22.
District Court of Appeal of Florida. First District.
July 24, 1958.
Rehearing Denied September 5, 1958.
Scruggs, Carmichael & Avera, Gainesville, for Appellant Beard and A.Z. Adkins, Jr., Gainesville, for appellant Jernigan.
Richard W. Ervin, Atty. Gen., and Edward S. Jaffry, Asst. Atty. Gen., for appellee.
*681 WIGGINTON, Acting Chief Judge.
Appellants Willard Beard and Faye Davenport Jernigan were convicted of having made lewd, lascivious and indecent assault upon one Martha Davenport, a female child under the age of fourteen years. Each has taken an appeal from the judgment and sentence entered consequent upon the jury's verdict.
Both appellants have assigned as error the jury's possession during deliberation of a certain letter not offered and admitted in evidence. The record indicates that after the jury had retired they returned to the courtroom, asked and were granted permission to take to the jury room certain exhibits which had been received in evidence. It later developed that one of the items delivered to the jury was a letter which had been marked for identification only during the State's cross-examination of a defense witness but not offered or received in evidence. This letter purportedly evidenced an illicit affair between the defendant Jernigan and one other than her codefendant Beard. It is fundamental that under the applicable statute[1] jurors may, if the court permits, take with them to the jury room for use in their deliberations only such things, other than depositions, as have been received in evidence.[2] A careful analysis of the letter in question, however, convinces us that it could not have prejudiced Beard's position in any manner and in fact bore no relation either to him or to the crime with which he was charged. As to Jernigan, while we do not endorse the situation presented here, our examination of the record established that the other evidence properly admitted against her was clear and convincing and leaves no room for reasonable doubt of guilt. The error arising from the jury's possession of the challenged document did not affect the remaining evidence nor reach the legality of the trial itself.[3] The error complained of was therefore harmless and not sufficient to constitute reversible error.[4]
Appellant Beard assigns as error certain alleged improper remarks made by the State Attorney during the course of the trial. Needless to say inflammatory and acrimonious remarks should not be indulged by either the prosecuting officer or counsel for the defense. Such conduct serves only to degrade the dignity of the court, beget prejudice, and transform the solemn and serious business of administering justice into a pitched battle resembling a gladiatorial event in which the actor most adept at creating passion and prejudice may and often does prevail. Clearly, this is not the goal of justice. However, we have carefully examined the statements against which the objection is here leveled together with rulings of the trial court in that behalf and, without condoning the remarks of counsel, cannot agree that they were sufficient under the circumstances to warrant reversal. If because of overzealousness or an inability to understand his proper function as an officer of the court, counsel is unable to discharge his duties within the bounds of propriety inherent in and essential to a fair trial, the trial judge should firmly assert his authority as administrator of the court to the end that its dignity will be preserved and justice administered according to its finest traditions.[5] Failure to do so, if prejudicial, will result in a reversal on appeal.
The stirring representations to this court made by appellant Beard to the effect that the testimony of the prosecuting witness was so incredible as to be unworthy of belief is legally efficacious only before the jury or before the trial court on motion *682 for a new trial. The witness' testimony was clearly admissible and, if believed, was competent to prove the charge. It is axiomatic that the weight to be accorded such evidence, and the credibility of the witness by whom it is adduced, lies exclusively within the province of the jury. On appeal, this court will not substitute its judgment of such matters for that of the jury, nor will it pit its judgment against that of the jury in the determination of factual issues presented at trial.
We come now to a consideration of appellant Beard's contention that the trial court erred in denying him the right to the concluding argument before the jury, contrary to F.S. § 918.09, F.S.A.[6]
Examination of the record reveals that Beard's co-defendant, Jernigan, through her separate counsel, called and examined numerous witnesses in support of her defense. Counsel for Beard conducted extensive cross-examination of all but one of these witnesses; otherwise Beard offered no testimony save his own. At the conclusion of the trial, the court ruled that the State would have the opening and closing argument before the jury. The State takes the position on this appeal that the mentioned cross-examination by Beard's counsel went outside the scope of matters covered on direct and that the favorable testimony thus adduced constituted an important part of Beard's defense. It is therefore reasoned that such cross-examination amounted to the introduction of independent testimony in Beard's behalf other than his own, which justified the trial court's ruling that he had forfeited his right to the concluding argument.
As stated by this court in Carter v. State,[7] F.S. § 918.09, F.S.A., accords a valuable procedural right to the defendant who offers no testimony in his behalf save his own. At the same time, the right of an accused to be confronted by the witnesses against him is a constitutional right that necessarily imports the opportunity to cross-examine them. This is not a mere privilege to be granted or withheld at the discretion of the court, but a substantive right possessed by the accused.[8] The foregoing rights apply with equal force to the cross-examination of any witness whether called by the State or by a co-defendant. The underlying purpose of cross-examination is to test the truthfulness of the witness, to sift, modify or explain what has been said, to develop the facts in the light most favorable to the cross-examiner, or to discredit the witness.[9] Further, "* * cross-examination is not confined to the identical details testified to in chief, but extends to its entire subject matter, and to all matters that may modify, supplement, contradict, rebut or make clearer the facts testified to in chief by the witness on cross-examination."[10]
To hold that by availing himself of the constitutional right of cross-examination an accused thus forfeits his statutory right to the concluding argument to us seems beyond the realm of logic and reason. Such a rule would place upon a defendant the intolerable burden of electing to either refrain from the exercise of his constitutional right to cross-examine and thereby suffer adverse testimony to stand in the record unchallenged and unimpeached or forfeit the valuable procedural right to closing argument. This, we believe, is neither the intent nor the spirit of the legislation involved. The merit of the State's contention is thus rendered immaterial, for it cannot default in its duty to *683 enforce proper confinement of adverse counsel's cross-examination and then be heard to insist that its failure in this regard should operate as a forfeiture of the accused's right to close the argument. If Beard's cross-examination called for answers outside the proper scope of witnesses' direct examination, it then became the State's duty and obligation to interpose timely objection and secure an exclusionary ruling from the court. Therefore, we are forced to the conclusion that the trial court erred in denying the defendant Beard the right to the concluding argument before the jury.
Careful consideration has been given the remaining assignments of error urged by each of the appellants in light of the record and applicable principles of law. We find them to be without substantial merit.
Accordingly, the judgment and sentence against the appellant Jernigan is affirmed. The judgment and sentence against the appellant Beard is reversed and the cause remanded for new trial.
CARROLL, DONALD, J., and MELVIN, WOODROW M., Associate Judge, concur.
NOTES
[1] F.S. § 919.04(3), F.S.A.
[2] Smith v. State, Fla. 1957, 95 So.2d 525.
[3] Mankowski v. State, Fla. 1955, 83 So.2d 597; Kelly v. State, 145 Fla. 491, 199 So. 764.
[4] F.S. §§ 54.23, 924.33, F.S.A.; Linsley v. State, 88 Fla. 135, 101 So. 273.
[5] See: Wise v. Jacksonville Gas Corporation, Fla.App. 1957, 97 So.2d 704.
[6] "§ 918.09. In all criminal prosecutions * * * a defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury."
[7] Carter v. State, Fla.App. 1958, 101 So.2d 911.
[8] Coco v. State, Fla. 1953, 62 So.2d 892.
[9] See Hungate v. Hudson, 1945, 353 Mo. 944, 185 S.W.2d 646, 157 A.L.R. 598; Blacher v. National Bank of Baltimore, 151 Md. 514, 135 A. 383, 49 A.L.R. 1366.
[10] Coco v. State, supra note 8, 62 So.2d at page 895.