STATE of Missouri, Plaintiff-Respondent,

v.

Kenneth Eugene WALDEN, Defendant-Appellant.

No. 34423.

Missouri Court of Appeals, St. Louis District, Division Two.

Jan. 9, 1973.

Williams & Rush, Fred Rush, Bowling Green, for defendant-appellant.

James Millan, Bowling Green, for plaintiff-respondent.

SIMEONE, Judge.

On May 15, 1971, Kenneth Eugene Walden was charged by the prosecuting attorney of Pike County with driving a motor vehicle in an intoxicated condition, contrary to § 564.440, RSMo, 1969, V.A.M.S. Jury trial was held on October 19, 1971, resulting in a verdict of guilty and a fine of $100.00. After filing a motion for a new trial which was overruled, sentence and judgment were rendered. Appellant Walden then perfected his appeal to this court.

The State's witness, Trooper Norman Glen Kaden, a member of the Highway Patrol, testified that while going north on Highway 61 he first saw the appellant operating a 1969 Lincoln automobile on Highway 61, north of Bowling Green, Missouri, traveling in a southbound direction. He observed that appellant's vehicle, with right turn signal flashing, crossed the center line and that there were approximately eight vehicles behind appellant. Trooper Kaden stopped, turned his vehicle around and followed appellant a short distance with his red light on, passing the other vehicles. During this time appellant was traveling approximately 35 to 40 miles per hour, partially crossed the center line again and crossed back onto the southbound shoulder. When the trooper used his public address system the appellant stopped. The trooper testified that he detected "a strong odor of intoxicating beverage from his breath," his belt was undone, his speech "slured" [sic], and his eyes were "extremely bloodshot." When taken to the sheriff's office the appellant admitted having had two or three drinks in Hannibal. In the opinion of the trooper the appellant was "drunk, intoxicated."

Appellant's evidence showed that he had driven from Vandalia, Missouri, to Hannibal and arrived there about 3:30 P.M. In Hannibal he met a friend and when he finished working they went to a taproom and had a drink. Later they went to a "poolroom" for about 2 hours and appellant had two more drinks. He left Hannibal at about 10:30 P.M. He explained that the week before his arrest he had "pushed [himself] a little too hard" and had not been getting much sleep. He stated he had gotten sleepy while driving from Hannibal towards Bowling Green.

When appellant was arrested the trooper did not ask him to "walk a line or pick up pencils or touch [his] fingers together." However, the trooper did ask appellant to take the breathalyzer test and he refused.

During the course of the trial and specifically during appellant's examination in chief, appellant's counsel attempted to interrogate him and introduce into evidence a notice from the Department of Revenue

which would show that his privilege of driving in Missouri had been revoked for one year. An offer of proof was made. The State objected to the introduction of such evidence, claiming it was " . . . immaterial and irrelevant to the issues here in this case and would unduly prejudice the Jury against the State and for the Defendant." The Court denied the offer of proof " . . . for the reason that the matter being raised by counsel for the defendant appears to the Court to be more properly an issue to be raised under a proceeding where review of the revocation by the Department of Revenue of failure to take the breathalyzer test and as not a proper part of the case being presented at this time, that of driving while intoxicated by the defendant."

On cross examination the prosecutor asked one question as to whether appellant had refused to take the breathalyzer test and appellant replied that he had. On redirect the counsel for appellant again attempted to show the result of the refusal to take the test on the ground that the prosecutor had asked the question referred to. The court sustained an objection to the question.

The appellant makes one point on this appeal. He contends that the court erred in not allowing him to introduce evidence concerning the results of his refusal to submit to a chemical test of his breath. He contends that: (1) since the results of a chemical test are admissible in evidence under § 564.442, " . . . it would therefore seem that logically the converse should also be admissible and the results of his refusal should also be admissible", and (2) since the prosecutor inquired of the appellant whether he refused to take the test, counsel for appellant should have been permitted on redirect to inquire as to the results or effects of the refusal to take the test.

■ The relevancy of evidence in a legal proceeding depends upon whether the fact " . . . tends to prove or disprove a fact in issue, or to corroborate evidence which is relevant and which bears on the principal issue." State v. Tevis, Mo.App., 340 S.W.2d 415, 420. If evidence is " . . . offered on matters which have no bearing upon the matters in issue it should be excluded." State v. Edmonson, Mo., 371 S.W.2d 273, 277. 1 Wigmore, Evidence, §§ 9 and 10; McCormick, Evidence, 2d Ed., 433–434. Where evidence is immaterial and irrelevant it is not error to refuse the introduction of such evidence. State v. Clemmons, Mo., 460 S.W.2d 541. The admission in evidence of facts immaterial or irrelevant to the issues and without probative force cannot constitute prejudicial or reversible error. Irrelevant or immaterial evidence is excluded not because it is inflammatory or prejudicial, but because its admission has a tendency to draw the jury's attention away from the issues it has been called upon to resolve. Hungate v. Hudson, 353 Mo. 944, 185 S.W.2d 646, 648.

■ The sole issue before the jury was whether the appellant operated a vehicle while in an intoxicated condition. The fact that his driver's license was revoked under § 564.444 would not tend to prove or disprove the issue of whether appellant was guilty or innocent of driving while intoxicated. And it does not follow that because a chemical test is admissible to show intoxication the converse is also admissible. Such evidence may be relevant in a hearing before a court of record under § 564.442, but the proffered evidence has no relevancy to the issue in this case before the jury.

■■ Appellant complains that the results of the refusal to take the chemical test should be admitted on redirect examination for the reason that the prosecutor inquired about the appellant's refusal to take the test. The court sustained an objection stating that the question was first asked by appellant's counsel on direct. "The scope and extent to which the redirect examination of a witness shall be permitted to go is a matter to be left largely to the sound discretion of the trial court, reviewable only for abuse." State ex rel. State Highway Commission v. Bengal, Mo.App., 124 S.W.

2d 687, 689. The discretion of the court will not be disturbed unless it is manifest that the appellant was prejudiced. It was not an error for the court to refuse to allow the appellant to explain the consequences of his refusal on redirect because the prosecutor asked the same question that had been testified to on direct. The prosecutor did not open up additional avenues. He simply asked the same question that had been testified to on appellant's direct examination.

■ The effects or results of the refusal to take the chemical test could only have caused the jury to feel more kindly toward the appellant rather than tending to determine the guilt or innocence of the charge. Appellant has no right to testify to such immaterial or irrelevant matter simply because such evidence might cause the jury to be sympathetic. *Clemmons,* supra; *Edmonson,* supra.

The appellant had a fair trial. He was represented by experienced and competent counsel at trial. There is no error. Therefore, the judgment is affirmed.

SMITH, P. J., and KELLY, J., concur.