284 So.2d 24 (1973)
Delores WILSON, Appellant,
v.
STATE of Florida, Appellee.
Donald R. JONES, Appellant,
v.
State of Florida, Appellee.
Nos. 73-73, 73-74.
District Court of Appeal of Florida, Second District.
October 5, 1973.
*25 Frank Clark III, Cocoa Beach, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
COWART, JOE A., Jr., Associate Judge.
The appellants were charged and tried for judicial perjury relating to testimony each gave in a prior murder trial in which appellant Delores Wilson was defendant and appellant Donald R. Jones, her brother, was a defense witness.
The appellant Delores Wilson first claims that comments by the prosecutor during closing argument accused her of murder, bigamy and adultery. The charge here was with reference to testimony in the previous murder trial and everyone, including the jury understood this. The reference of the prosecutor was to the prior "murder trial" and to the man who was "murdered." These references were necessary for intelligent argument under the circumstances. The reference to bigamy was objected to, the court properly cautioned the jury to disregard the comment. The reference to adultery went without objection, and, while a characterization by the *26 prosecutor, was not without support in the testimony.
Both appellants claim the trial judge erred in not giving a requested defense instruction as to the Defense of Mistake citing law to the effect that a reckless statement made in ignorance of its falsity and with an honest belief in its truth is not perjury. Properly speaking, the description Defense in a criminal case should be reserved for matters in the nature of confession and avoidance where the accused asserts and proves facts in addition to those directly involved in proof or disproof of the ultimate facts alleged in the charge.
Here, the instructions given relating to the State's burden of proof of each element of the offense, including the charge that the accused "then and there knowingly swore falsely" and that the offense was committed by one who "willfully swears or affirms falsely " were sufficient to advise the jury of the willfulness required and to have negatived any proper concept of mistake without the necessity of giving separate defense instructions as to the converse of that proposition. Under the instructions given and the issues argued by counsel, if the jury had believed the testimony of the accused in their perjury trial the jury would not have rendered a verdict of guilty. On the other hand the testimony of the accused in this case given to convince the jury of their mistaken testimony in the prior case may have convinced the jury that their testimony was so susceptible of error as to be unreliable in this case.
Both appellants claim the trial judge erred in not instructing the jury on the element of materiality in a perjury case. Under the rationale of Wolfe v. State, Fla.App. 1972, 256 So.2d 533, following a majority view, the issue of materiality in a perjury case is one of law for the court and not of fact for the jury and the trial of a judicial perjury case is the only instance known where under the law of this state a trial judge in a criminal jury case can direct a verdict against the defendant even as to one element of an offense. The trial judge here did probably err in submitting the issue of materiality to the jury but that error is in favor of the appellants in that the State was thereby given the additional task of satisfying the jury as to that element when the trial judge, having determined by twice denying defense motions for directed verdicts that the alleged testimony was legally material to the issues in the prior trial, should have so instructed the jury as to his determination and to its binding effect on them.
Experienced defense counsel, representing both appellants, carefully announced as he called the appellant Wilson and each of four witnesses to the witness stand that they were being called "on behalf of the defendant Delores Wilson." The appellant Jones testified on his own behalf. Defense counsel demanded on behalf of Jones the concluding argument before the jury. The testimony of one of the witnesses, Richard Ellis, was more favorable to Jones than to Wilson. The trial court noted that the praecipe for witness subpoenas summoned the witnesses to court to testify on behalf of both appellants and that a discovery witness list, furnished on behalf of both appellants, named the witnesses who testified. Defense counsel was denied opening and closing argument. Fuller v. State, 1947, 159 Fla. 200, 31 So.2d 259, appears to be exactly in point and to uphold the trial judge but in Faulk v. State, Fla. 1958, 104 So.2d 519, at 522, the Supreme Court stated that the factual summary in Fuller as represented was inaccurate and that in fact in Fuller defense counsel for co-defendants called and examined his witness generally and then later attempted to limit the effect of his action by announcing that the witness had been called for but one accused and Fuller supports the contention of the appellant Jones that it was error to deny his counsel closing argument.
*27 Apparently, form takes precedence over substance and knowledgeable defense counsel representing co-accused can profit by the State's joint charge and by timely announcement call on witnesses for one accused and preserve opening and closing argument for the other accused. The opening and closing of final argument rule in Florida is 120 years old and, as explained in Faulk v. State, supra, was originally considered binding on trial judges because it was a substantial procedural right bestowed by the legislature and it was said that any change or additional requirements would "necessarily have to come from the Legislature rather than from this court." Because of a new awareness that control of court procedural matters falls within the proper sphere of the judicial branch of government and revision of Article V of the Constitution of the State of Florida, this procedural rule is not now subject to the same veneration, but the Florida Supreme Court adopted § 918.09 F.S. as criminal procedure Rule 3.250, 33 F.S.A., and there is no reason to believe the same language is subject to a different interpretation. Admittedly, the trial judge had discretion to have limited the time allotted for closing argument but he could not reverse the order of argument over objection.
Lay citizens do not understand cases like this where two persons under joint charges are found guilty by the same jury on the same testimony, yet the conviction of one is overturned on the technicality of which lawyer argued to the jury last. The Florida Bar has recommended the closing argument rule be changed, its psychology has been disputed and its constitutionality challenged (Preston v. State, Fla. 1972, 260 So.2d 501) but this court has followed it, Davis v. State, Fla.App. 1971, 256 So.2d 22, and it must be applied here. Therefore, the judgment of conviction of the appellant Delores Wilson is affirmed and the judgment of conviction of the appellant Donald R. Jones is reversed for a new trial.
MANN, C.J., and HOBSON, J., concur.