PER CURIAM.
Appellant Dampier appeals from a conviction for breaking and entering with intent to commit a misdemeanor, contending he was denied his right to closing argument under RCrP 3.250. We agree and reverse.
Appellant and Curtis Reed were tried before a jury for breaking and entering. Appellant called no witnesses. Reed, who was represented by separate counsel, called witnesses on his own behalf. The trial court denied appellant’s request for closing argument on the grounds that witnesses called by Reed testified on appellant’s behalf. The court viewed this “indirect calling” as a forfeiture of appellant’s right to closing argument. The state opened the closing arguments. This was followed by argument for Reed, and then argument for appellant. The state concluded the closing arguments.
The failure to allow the appellant closing argument was reversible error. RCrP 3.250 provides that a defendant offering no testimony in his own behalf, except his own, is entitled to the concluding argument before the jury. When the state chooses to try several defendants together, it takes the risk that a witness called by one defendant will give testimony favorable to the others. Faulk v. State, Fla.1958, 104 So.2d 519; Gordon v. State, Fla.1958, 104 So.2d 524. As this court noted in Wilson v. State, Fla.App.2d 1973, 284 So.2d 24, rev’d on other grounds, Fla., 294 So.2d 327, this long standing rule, legislative in its inception and now adopted by the Supreme Court as a procedural rule, may give precedence to form over substance and applies even when a witness’s testimony is more favorable to a *684 co-defendant than to the defendant who actually called the witness.
Accordingly, the cause is reversed and remanded for a new trial.
HOBSON, A.- C. J., and GRIMES and SCHEB, JJ., concur.