**STATE of Missouri, Plaintiff-Respondent,**

v.

**Wilbert PETERSON,
Defendant-Appellant.**

**No. 37210.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Jan. 4, 1977.

Crouppen, Walther, Zwibelman & Walsh, P. C., Roy A. Walther, III, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Presiding Judge.

Defendant appeals from a judgment of conviction entered on a jury verdict whereby he was found guilty of stealing property with a value of $50 or more, and a sentence of eight (8) years in the custody of the Department of Corrections.

For reversal of his conviction, defendant charges that the court erred by (1) failing to declare a mistrial after improper impeachment of a defense witness; (2) refusing to declare a mistrial when the prosecutor impeached a defense witness by the use of an unsubstantiated conviction; and (3) improperly admitting into evidence a state exhibit. We affirm.

Because defendant does not attack the sufficiency of the evidence, no detailed narration of the facts is necessary.

During the cross-examination of Miss Joan Simmons, the sole witness for the defense, the prosecutor asked her, "What crimes have you been convicted of?" She replied, "None." The prosecutor inquired, "You weren't convicted of prostitution in

the State of New York?" Miss Simmons replied, "No sir." Immediately defendant's attorney said, "Objection; its a city ordinance violation and, therefore, an unimpeachable matter. I would ask for a mistrial at this time." After defendant's request for a mistrial was denied, the matter rested.

From this colloquy, defendant raises and the state joins therein a false issue. Defendant contends that his witness Miss Simmons was improperly impeached by the use of a conviction for prostitution that occurred in the state of New York. Under New York law, prostitution is a misdemeanor. McKinney's Consolidated Law of New York Annotated, Penal Law, § 230.-00, as Amended, 1969. In Missouri prostitution is neither a felony nor a misdemeanor, but is regulated by municipal ordinances; thus, at most, an ordinance violation which is not a crime is but rather a civil proceeding. Consequently, because our Supreme Court has defined an impeachable crime within the meaning of § 491.050, RSMo 1969,[1] as being any felony or misdemeanor conviction on the record of the witness, *Fisher v. Gunn,* 270 S.W.2d 869 (Mo. 1954), the violation of a municipal ordinance has been held not to be an impeachable crime within the meaning of § 491.050. In this posture defendant frames the issue to be whether an offense declared by a sister state to be a misdemeanor but only an ordinance violation in the forum state may be used for impeachment purposes within the ambits of § 491.050 and our decisional law.

While the issue as joined by defendant and the state poses an interesting problem, the issue is not ripe for our decision under the present record.

First, Miss Simmons was not impeached. The prosecution merely asked her whether she had been convicted, thus laying the foundation, but Miss Simmons unequivocally denied that she had been convicted for prostitution. Consequently, if the state wished to take exception to her answer, it was incumbent upon it, being unable to develop a conviction by her affirmative answer on cross-examination, to put into evidence a certified, authenticated copy of the judgment roll or judgment of conviction of the New York court. Not only was this not done, but also the matter was not pursued any further. Because, in our view, the record does not positively show that Miss Simmons was impeached, we rule this point against defendant.

Turning next to defendant's second allegation of error, we note that at the time the prosecutor questioned Miss Simmons about the prostitution conviction, defendant objected on the ground that it was an ordinance violation and therefore not proper impeachment. In his motion for a new trial defendant repeated not only his original objection before the trial court but also contended that the question inflamed and aroused the passions of the jury. On this appeal defendant, for the first time, argues the bad faith of the prosecutor in asking a question about a prior conviction in the presence of the jury, without any substantiation either by offering to prove or proving such a conviction. It is elementary that a point on appeal must be based upon the theory voiced in the objection at trial and that one cannot expand on appeal the objection as made. *State v. Atkins,* 494 S.W.2d 317 (Mo.1973) and *State v. Kerr,* 531 S.W.2d 536 (Mo.App.1976).

Under the circumstances set forth herein, we hold that defendant's second point has not been preserved for review because the ground now urged was neither presented to the trial court by objection nor stated in defendant's motion for a new trial. *State v. Scott,* 487 S.W.2d 528 (Mo.1972) and *State v. Bolden,* 525 S.W.2d 625 (Mo. App.1975).

We rule that defendant's final allegation of error pertaining to the admission into evidence of one of the state's exhibits has not been preserved for review. Here the state offered the exhibit into evidence and the defendant objected generally

1. All statutory references are to RSMo 1969.

without any statement of reasons. Because defendant's general objection fails to fall within any of the three exceptions to the rule that a general objection preserves nothing for review; i. e., (1) the ground for exclusion was obvious to both the judge and opposing counsel, *Hungate v. Hudson,* 353 Mo. 944, 185 S.W.2d 646 (1945); (2) the evidence was inadmissible for any purpose (*State v. Rauscher Chev. Co.,* 291 S.W.2d 89 (Mo.1956); and (3) the omitted ground was one that could not have been obviated, we hold defendant's point has not been preserved for review. *Smith v. Fine,* 351 Mo. 1179, 175 S.W.2d 761 (1943).

Accordingly, judgment is affirmed.

STEWART and RENDLEN, JJ., concur.