526 So.2d 124 (1988)
Ronald Anthony HART, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1627.
District Court of Appeal of Florida, Fifth District.
May 5, 1988.
Rehearing Denied June 10, 1988.
*125 Michael Sigman, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Ronald Anthony Hart appeals his conviction for second-degree grand theft stemming from an incident of shoplifting from a department store. Hart's trial counsel was denied the right to opening and closing argument on the basis that he had cross-examined a co-defendant, Tony Lampkin, who was not called as a witness by either the state or Hart.
Lampkin testified on direct that he originally went to the department store "cause Ronald (Hart) wanted to pick up some painter's pants ..." On brief cross-examination, Hart's counsel established that Hart was a commercial painter, thereby adding plausibility to Hart's ostensibly innocent reason for going to the store, as testified to by Lampkin on direct examination. Since this cross-examination was relevant to Lampkin's direct testimony, Lampkin did not become a witness for Hart. Cf. McAvoy v. State, 501 So.2d 642 (Fla. 5th DCA 1986). Hart did not take the stand himself and presented no other evidence.
Florida Rule of Criminal Procedure 3.250 provides:
[A] defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury.
The erroneous denial of the right provided by the above rule cannot be deemed harmless error. Gari v. State, 364 So.2d 766 (Fla. 2d DCA 1978); Raysor v. State, 272 So.2d 867 (Fla. 4th DCA 1973). The instant case is factually similar to Beard v. State, 104 So.2d 680 (Fla. 1st DCA 1958). In that case, Beard's co-defendant, acting through separate counsel, called a number of witnesses in support of her defense, and they were extensively cross-examined by Beard's counsel. As a result, the trial court ruled at the conclusion of trial that the state would have opening and closing arguments before the jury. On appeal, the state contended that the cross-examination by Beard's counsel went outside the scope of direct, and that this favorable testimony thus constituted an important part of Beard's defense. Accordingly, the state contended that such cross-examination constituted the introduction of independent testimony on Beard's behalf, other than his own, thus justifying the trial court's ruling that concluding argument was forfeited. The First District disagreed, noting the substantive right of the accused to cross-examine witnesses, whether called by the state or by a co-defendant. In rejecting the state's contention that the acceptance of cross-examination constitutes the abandonment of the right to concluding argument, the court stated:
To hold that by availing himself of the constitutional right of cross-examination an accused thus forfeits his statutory right to the concluding argument to us seems beyond the realm of logic and reason. Such a rule would place upon a *126 defendant the intolerable burden of electing to either refrain from the exercise of his constitutional right to cross-examine and thereby suffer adverse testimony to stand in the record unchallenged and unimpeached or forfeit the valuable procedural right to closing argument. This, we believe, is neither the intent nor the spirit of the legislation involved. The merit of the State's contention is thus rendered immaterial, for it cannot default in its duty to enforce proper confinement of adverse counsel's cross-examination and then be heard to insist that its failure in this regard should operate as a forfeiture of the accused's right to close the argument. If Beard's cross-examination called for answers outside the proper scope of witnesses' direct examination, it then became the State's duty and obligation to interpose timely objection and secure an exclusionary ruling from the court. Therefore, we are forced to the conclusion that the trial court erred in denying the defendant Beard the right to the concluding argument before the jury.
104 So.2d at 682-83; cf. Grimsley v. State, 304 So.2d 493 (Fla. 1st DCA 1974) (defendant waived right to "sandwich" closing argument where diagram drawn by witness on cross-examination offered into evidence by defense counsel).
As indicated previously, Hart did not testify, nor did he present any other witnesses or evidence. Hart cannot be charged with "offering testimony in his own behalf" based on his cross-examination of co-defendant Lampkin. The trial court improperly denied Hart the right to opening and concluding argument and a new trial is required. Based upon the evidence presented, we find no error in the trial court's denial of Hart's motion for judgment of acquittal.
REVERSED and REMANDED for a new trial.
COWART and DANIEL, JJ., concur.