COBB, Judge.
The primary issue raised by this appeal is whether the trial court erred by prospectively ruling that cross-examination by An-dino’s counsel of Andino’s co-defendants, in the event they testified in their own behalf, would constitute “offering testimony in his own behalf” under Florida Rule of Criminal Procedure 3.250 so as to forfeit his right to first and last final argument.
We answered this question in Hart v. State, 526 So.2d 124 (Fla. 5th DCA 1988), wherein we said:
To hold that by availing himself of the constitutional right of cross-examination an accused thus forfeits his statutory right to the concluding argument to us seems beyond the realm of logic and reason. Such a rule would place upon a defendant the intolerable burden of electing to either refrain from the exercise of his constitutional right to cross-examine and thereby suffer adverse testimony to stand in the record unchallenged and un-impeached or forfeit the valuable procedural right to closing argument. Beard v. State, 104 So.2d 680 (Fla. 1st DCA 1958).
Andino’s counsel specifically waived his right to cross-examine the co-defendants in order to preserve his procedural right to final closing argument. We find no merit in the state’s argument that the error was not preserved. Any further argument subsequent to the trial court’s ruling would have been unavailing. See Reaves v. State, 531 So.2d 401 (Fla. 5th DCA 1988).'
It should be noted that when the state chooses to try several defendants together, it takes the risk that a witness called by one defendant will give testimony favorable to others. Faulk v. State, 104 So.2d *1047 519 (Fla.1958). We cannot consider the error harmless. Faulk; Hart; Dampler v. State, 336 So.2d 683 (Fla. 2d DCA 1976). In this case, Andino was faced with the burden of electing to either refrain from the exercise of his constitutional right to cross-examine or to “forfeit the valuable procedural right to closing argument.” Beard, supra.
We also agree with Andino that the evidence was insufficient to uphold his conviction under Count II, wherein he was charged with being a principal to trafficking in cocaine. It is not necessary for us to reach the third point on appeal concerning the imposition of a departure sentence.
REVERSED AND REMANDED FOR NEW TRIAL.
DAUKSCH and COWART, JJ., concur.