PER CURIAM.
Appellants, Florencio Villa (Villa), and Myron Morales (Morales), appeal their convictions for burglary, grand theft, and resisting arrest. We affirm Morales’s conviction and reverse Villa’s conviction.
Villa and Morales cite error in the trial court’s instructing the jury on flight. Although the flight instruction was error, Fenelon v. State, 594 So.2d 292 (Fla.1992), we find that the instruction was harmless in light of the overwhelming evidence against appellants. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
We hold that the trial court reversibly erred in Villa’s case by deviating from Florida Rule of Criminal Procedure 3.250. Rule 3.250 gives a defendant offering no testimony in his own behalf, except his own, the right to a concluding argument before the jury.
Here, the trial court, over Villa’s objection, erroneously deemed classic and clear-cut cross-examination of a state witness as “beyond the scope of direct.” In doing so, *766 the trial court stated that Villa was giving up his right to a concluding argument.
The right of an accused who offers no testimony in his own behalf, except his own, to be entitled to the concluding argument before the jury, is a vested procedural right. Denial of this right under Rule 3.250 constitutes reversible error. Birge v. State, 92 So.2d 819 (Fla.1957); Raysor v. State, 272 So.2d 867 (Fla. 4th DCA1973). Erroneous denial of the right to the concluding argument before the jury cannot be deemed harmless error. Hart v. State, 526 So.2d 124 (Fla. 5th DCA1988).
In spite of the overwhelming evidence against Villa, the trial court did not scrupulously follow a required rule of procedure. Finding no merit in Morales’s other points, we affirm appellant Morales’s conviction, and reverse appellant Villa’s conviction.
Reversed and remanded for new trial.