624 So.2d 808 (1993)
Fidel MARIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-262.
District Court of Appeal of Florida, Third District.
September 28, 1993.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Consuelo Maingot, Asst. Atty. Gen., for appellee.
Before BARKDULL, JORGENSON and LEVY, JJ.
PER CURIAM.
Fidel Marin appeals from a judgment of conviction and sentence for driving under the influence. For the following reason, we reverse and remand for a new trial.
At trial, defendant sought to display his leg to the jury to show visible evidence of a disability that allegedly affected his performance of roadside sobriety tests. The trial court ruled that if defendant displayed his leg he would forfeit his right to open and close in closing argument. Defendant chose not to display his leg.
The trial court erred in ruling that defendant's proffered display of a physical trait would cause him to lose his right to open and close in closing argument. Fla. R.Crim.P. 3.250 provides that "a defendant offering no testimony in his or her own behalf, except the defendant's own, shall be entitled to the concluding argument before the jury." This court has held that right to be a "vested procedural right," the denial of which constitutes reversible error that cannot be deemed harmless. Morales v. State, 609 So.2d 765, 766 (Fla.3d DCA 1992) (citing Birge v. State, 92 So.2d 819 (Fla. 1957)). Defendant's proffered display of his leg would have been non-testimonial, and would not *809 have caused him to forfeit his right to open and close closing argument. See Pettit v. State, 612 So.2d 1381 (Fla.2d DCA 1992) (defendant's display of tattooed arms to jury non-testimonial); Smith v. State, 574 So.2d 1195, 1196 n. 3 (Fla.3d DCA 1991) (same), approved sub nom State v. Washington, 594 So.2d 291 (Fla. 1992). Even if the display were testimonial, the testimony would have been defendant's own and would have fallen squarely within the parameters of rule 3.250.
Because we reverse on the above stated ground, we need not reach the other grounds advanced for reversal.[1] However, the State properly concedes that defendant's sentence entered on DUI charges filed in Circuit Court case number 92-31026 is illegal and must be corrected on remand.[2] As a special condition of probation, the trial court imposed a four year sentence of imprisonment. Section 948.03(5), Florida Statutes (1991) provides that "a period of incarceration as a condition of probation ... shall not exceed 364 days." Accordingly, we vacate the illegal sentence and remand for resentencing as to that conviction.
Reversed and remanded for a new trial on the charge of driving under the influence in case number 92-17084; sentence vacated in case number 92-31026 and remanded for resentencing.
NOTES
[1] Defendant did not appeal his conviction for driving with a suspended license; the severance issue is therefore moot. The inadvertent admission of defendant's statement relating to a prior sentence of imprisonment is not likely to recur on retrial.
[2] Defendant's appeal of his conviction for DUI relates to the charges in case number 92-17084. When he was sentenced in case number 92-17084, he entered a plea of nolo contendere to charges filed in case number 92-31026 and was then sentenced in both cases.