PER CURIAM.
We affirm appellant’s convictions for tampering with evidence, possession of drug paraphernalia, and resisting an officer without violence. The trial court did not abuse its discretion by disallowing appellant to display the inside of his mouth to a state witness during cross examination. Appellant did not seek to display the inside of his mouth to the jury once the state had rested. Therefore, appellant failed to preserve any objection by obtaining a definitive ruling on the issue of the closing argument “sandwich.” See Carratelli v. State, 832 So.2d 850, 856 (Fla. 4th DCA 2002) (stating that “[a] plethora of Florida cases support the notion that a party must obtain a ruling from the trial court in order to preserve an issue for appellate review”); Marin v. State, 624 So.2d 808 (Fla. 3d DCA 1993) (concerning a defendant’s right to open and close final argument). We also reject appellant’s claim on direct appeal that trial counsel provided him with ineffective assistance of counsel. See Dennis v. State, 696 So.2d 1280 (Fla. 4th DCA 1997).
WARNER, KLEIN and GROSS, JJ., concur.